

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

January 25, 2016

The Honorable Dan Flynn
Chair, Committee on Pensions
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0058

Re: Proper procedure for a state agency when a court recognizes a new constitutional right and compliance with the ruling requires additional state funds (RQ-0039-KP)

Dear Representative Flynn:

You ask for an opinion regarding the status of "current law pertaining to marriage in Texas," focusing specifically on "what procedure a state agency should follow if the U.S. or Texas Supreme Court recognizes a new constitutional right and compliance with that ruling requires the expenditure of additional state funds."[1] The example you provided was the granting of state benefits to same-sex spouses after the U.S. Supreme Court's decision in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015); Request Letter at 7–8; Supp. Request Letter at 1.

You note that the Teacher Retirement System, the University of Texas System, the Texas A&M University System, and the Employees Retirement System have implemented policies to extend state benefits to same-sex couples.[2] Request Letter at 7. In briefing submitted to this office, all of these entities have indicated that they do not anticipate needing state funds in excess of those appropriated for the current biennium.[3] If compliance with *Obergefell* requires additional state funds, however, you ask what procedure should be followed. Supp. Request Letter at 1.

---

[1]Letter from Honorable Dan Flynn, Chair, House Comm. on Pensions, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 16, 2015) ("Request Letter"); Letter from Honorable Dan Flynn, Chairman, House Comm. on Pensions, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 24, 2015) ("Supp. Request Letter"), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs.

[2]Multiple statutes require state agencies to extend rights and benefits to eligible individuals' spouses. A permanent injunction exists that prohibits enforcement of the Texas constitutional provision and statutes defining marriage as the union of one man and one woman. *DeLeon v. Perry*, No. 5:13-cv-00982-OLG (W.D. Tex. July 7, 2015) (Final Judgment).

[3]*See* Letter from Paula A. Jones, Gen. Counsel, Emps. Ret. Sys. of Tex. at 11 (Aug. 26, 2015) (stating that although *Obergefell* will increase the number of participants receiving insurance coverage, "the increase is not currently expected to increase enrollment by a large enough number of people to require state funds in excess of those currently available to ERS to provide such dependent insurance coverage"); Letter from Carolina de Onís, Gen.

When a state agency faces a shortage of appropriated funds due to an unexpected occurrence, the agency may consider which statutory procedures are available to address fiscal emergencies. For example, as you note in your request, a state agency in the executive branch could appeal to the Governor for use of an emergency appropriation pursuant to chapter 401, subchapter D, of the Government Code to obtain additional funding for "purposes for which specific other appropriations previously have been made." TEX. GOV'T CODE § 401.061(4); *see id.* §§ 401.061–.065. If the Governor decided that an emergency existed and certified such emergency to the Comptroller, the Comptroller could then determine whether money other than the Governor's emergency appropriations was available. *Id.* §§ 401.062(a)–(b), .063(a). Thus, if no other money was available to enable the agency to fulfill its obligations, the Governor would then be authorized to spend emergency appropriations made pursuant to section 401.061. *Id.* § 401.065. Alternatively, chapter 317 of the Government Code authorizes the Governor and the Legislative Budget Board ("Board"), acting jointly, to make certain changes to appropriations when the Legislature is not in session. *Id.* §§ 317.001–.011. A state agency could appeal to either entity to make a proposal "for the transfer of appropriations" to the agency. *Id.* § 317.003(b). If the Governor and Board agree, the proposing entity may adopt an order changing the appropriation in the manner proposed. *Id.* § 317.005. Whether and to what extent a statutory procedure is available to a state agency facing a shortage of funds will depend on the individual fiscal circumstances of the agency and factual determinations that are not within the purview of an attorney general opinion.

---

Counsel, & Wm. Clarke Howard, Ass't Gen. Counsel, Teacher Ret. Sys. of Tex. at 4 (Aug. 28, 2015) (stating that "preliminary analysis conducted by actuaries to the Pension and TRS-Care [indicates] the recognition of same-sex spouses will have no measurable impact on the funded status or funding requirements of either the Pension or TRS-Care"); Letter from Daniel H. Sharphorn, Vice Chancellor & Gen. Counsel, Univ. of Tex. Sys. at 7 (Aug. 28, 2015) ("UT System does not require additional state funds for these benefits at this time."); Letter from Ray Bonilla, Gen. Counsel, Tex. A&M Univ. Sys. at 2 (Aug. 28, 2015) ("the A&M System has not or will not expend funds from the state treasury beyond those appropriated by the Legislature") (all letters on file with the Op. Comm.).

## S U M M A R Y

When a state agency faces a shortage of appropriated funds due to an unexpected occurrence, the agency may consider statutory mechanisms that may be available to address fiscal emergencies, including those found in chapters 317 and 401 of the Government Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee